```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Andre Bisasor and Natalie Anderson</u>

    v.                                Civil No. 22-cv-264-SE

<u>Patrick Donovan et al.</u>

<u>O R D E R</u>

Plaintiffs Andre Bisasor and Natalie Anderson bring suit against the New Hampshire Supreme Court, New Hampshire Supreme Court Justice Patrick Donovan, the New Hampshire Rules Advisory Committee, the New Hampshire Professional Conduct Committee ("PCC"), and the secretary of the New Hampshire Supreme Court advisory committee on rules, Lorrie Platt. The complaint alleges, among other things, that the plaintiffs were denied the opportunity to provide commentary on proposed changes to the New Hampshire Supreme Court rules, that the PCC improperly refused to accommodate their request for an electronic copy of certain records, and that the New Hampshire Supreme Court unlawfully denied them a request for an extension of the deadline to submit a filing in a pending case. The plaintiffs allege several claims, including violations of their constitutional rights pursuant to 42 U.S.C. § 1983 and a violation of the Americans with Disabilities Act. They move for an emergency temporary restraining order staying New Hampshire Supreme Court proceedings in a case in which Anderson is the

plaintiff/appellant, Case # 2021-0604.[1] See doc. no. 3.

I.   Anti-Injunction Act

Before the court discusses the relevant law regarding requests for a temporary restraining order, it notes that the plaintiffs' requested relief implicates the Anti-Injunction Act, 28 U.S.C. § 2283. The Act provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Id. Claims brought pursuant to 42 U.S.C. § 1983 are "expressly authorized" exceptions to the Anti-Injunction Act. Mitchum v. Foster, 407 U.S. 225 (1972).

The plaintiffs allege constitutional claims brought pursuant to § 1983, which seemingly takes their requested relief outside of the prohibition in the Anti-Injunction Act. However, the relationship between their § 1983 claims and their requested relief is unclear. The plaintiffs' constitutional claims appear

---

[1] The plaintiffs' motion also includes a request for a preliminary injunction and seeks additional relief. See doc. no. 3 at 34. The court does not address that portion of the motion in this order and, consistent with Federal Rule of Civil Procedure 65(a)(1), will consider that part of the plaintiffs' request after the defendants have an opportunity to respond.

to arise largely out of the alleged denial of their opportunity to provide commentary on proposed New Hampshire Supreme Court rule changes. Nevertheless, in light of the plaintiffs' pro se status, the court assumes without deciding for purposes of this order that their claims brought pursuant to § 1983 provide an exception to the Anti-Injunction Act. In doing so, the court bears in mind that "[a]lthough Section 1983 falls within the 'expressly authorized by Congress' exception to the Anti-Injunction Act, the Supreme Court has held that federal courts must abstain from interfering with 'pending state judicial proceedings absent extraordinary circumstances.'" Scholwin v. Spence, No. CV 07-11937-JLT, 2008 WL 11511609, at *5 (D. Mass. Apr. 23, 2008) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (further citation omitted)).

II.  Request for Temporary Restraining Order

"[Injunctive relief] is an extraordinary and drastic remedy that is never awarded as of right." Peoples Federal Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012). The standard for issuing a temporary restraining order is "the same as for a preliminary injunction." Bourgoin v. Sebelius, 928 F.

3

Supp. 2d 258, 267 (D. Me. 2013). To obtain relief, the moving party must satisfy the following four factors: (i) the likelihood that the movant will succeed on the merits; (ii) the possibility that, without an injunction, the movant will suffer irreparable harm; (iii) the balance of relevant hardships between the parties favors relief; and (iv) the effect of the court's ruling on the public interest. CVS Pharmacy, Inc. v. Lavin, 951 F.3d 50, 55 (1st Cir. 2020) (quotations and citations omitted).

A finding of irreparable harm is "the essential prerequisite for equitable relief." Braintree Lab'ys, Inc. v. Citigroup Glob. Markets Inc., 622 F.3d 36, 41 (1st Cir. 2010). Indeed, the Supreme Court "has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barceló, 456 U.S. 305, 312 (1982). Thus, "[a]n injunction should issue only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable." Id.

Here, the plaintiffs have not carried their burden to demonstrate that they would suffer irreparable harm absent a temporary restraining order. Their request for a temporary

restraining order asks the court to issue a stay in New Hampshire Supreme Court Case# 2021-0604, in which Anderson is a party.[2] In support of their claim for irreparable harm, they assert that 1) the New Hampshire Supreme Court will imminently issue a ruling adverse to Anderson in that case and 2) as a result of that ruling, certain defendants will destroy documents that the plaintiffs are attempting to obtain.[3]

There are several issues with the plaintiffs' claim of irreparable harm. For example, they do not provide the basis for their belief that the New Hampshire Supreme Court is about to issue a ruling in the referenced case. Nor do they explain why any such ruling would allow the defendants to destroy the documents that the plaintiffs seek.

---

[2] According to the allegations in the complaint, it appears that Anderson is the only plaintiff in Case# 2021-0604. Therefore, it is unclear from the record whether Bisasor has standing to assert certain claims in this case. Because the court denies the plaintiffs' motion on other grounds, it declines to address that issue in this order.

[3] The court need not address the entirety of the factual allegations contained in the plaintiffs' complaint here. However, the court notes for the sake of clarity that the documents that the plaintiffs reference relate to attorney disciplinary proceedings. The plaintiffs have allegedly attempted but been denied the opportunity to review those documents. They appear to allege that the changes to the New Hampshire Supreme Court rules on which they were denied the opportunity to comment will allow the defendants to destroy those documents once the New Hampshire Supreme Court issues an adverse ruling in Case# 2021-0604.

In short, the plaintiffs have not shown that absent this court issuing a temporary restraining order to stay Anderson's case in front of the New Hampshire Supreme Court, there is a likelihood that they will suffer irreparable harm. Because the plaintiffs cannot meet this "essential prerequisite" for injunctive relief, the court need not address the remaining injunctive relief factors and their motion for a temporary restraining order is denied on that basis.

Finally, the court notes that even where a plaintiff makes a showing of "immediate and irreparable" injury, the court cannot issue a temporary restraining order without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(b). The "requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, to obtain ex parte relief, a party must strictly comply with those requirements." Strahan v. O'Reilly, No. 22-CV-52-LM, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022), report and recommendation adopted, No. 22-CV-52-LM, 2022 WL 788258 (D.N.H. Mar. 14, 2022) (alterations, quotations, and citations omitted). The plaintiffs have not complied with Rule 65(b)(1)(b) and their motion for a temporary restraining order

is denied for that additional reason.

## Conclusion

For the foregoing reasons, the court denies the plaintiffs' motion for immediate injunctive relief (doc. no. 3) to the extent it requests a temporary restraining order. The court will rule on the portion of the motion that requests a preliminary injunction after the defendants have had an opportunity to respond.

SO ORDERED

_____
Samantha D. Elliott
United States District Judge

July 21, 2022

cc: Natalie Anderson, pro se
    Andre Bisasor, pro se