UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al., Plaintiffs,

V.

PATRICK DONOVAN et. al., Defendants

# EXPEDITED/EMERGENCY MOTION FOR CLARIFICATION ON PROCEDURE FOR SEEKING VACATUR OR RECONSIDERATION OF DISMISSAL
# AND
# IN THE ALTERNATIVE MOTION TO EXTENSION OF TIME TO FILE MOTION TO RECONSIDER DISMISSAL

1. I hereby request clarification on procedure for seeking vacatur or reconsideration of the court's 8/3/23 dismissal. In the alternative, I request an extension of time of 2 weeks until Tuesday, September 5, 2023, for the plaintiffs to file a motion to reconsider the dismissal (which is a modest request), as outlined below.
2. I recently received a notice of dismissal for this case (last week) indicating that on Wednesday 8/2/23 the judge dismissed this case but that the clerk entered the order on Thursday 8/3/23. I am not clear on why the case was dismissed, especially with prejudice and without any warning.
3. Also, the notice indicated that the dismissal was with prejudice. I am not exactly sure what that means. So I inquired of the clerk about that on Monday 8/14, but he was out of the office.
4. Upon returning to the office next day on Tuesday 8/15/23, the clerk said he was not able to clarify or answer my questions, except he said I can file a motion to reconsider.
5. On the same day, I then asked: "Is there a time limit to file a motion for reconsideration of the dismissal? or any other time limit I should be aware of?"
6. The clerk took until the following day until Wednesday 8/16/23 to respond and then finally stated:
    > According to our Pro Se Civil Litigation Guide:
    >
    > Motion for Reconsideration A motion to reconsider an order of the court (other than a motion governed by Federal Rules of Civil Procedure 59 or 60) must be filed within fourteen (14) days from the date of the order in question.
7. I also asked the following:
    a. Is the date of the order (of dismissal by the court), 8/2 when the judge wrote the order or is it 8/3 when it was entered on the docket by the clerk, for purposes of counting the 14 days for a motion to reconsider? In other words, does the 14 days count from the date of the clerk's entry on 8/3 (which would mean tomorrow) or from 8/2 which would mean today? Also, can the timeline for a motion to reconsider be extended?
    b. In light of your reference to Rule 59 or 60, is a sua sponte order of dismissal for failure to prosecute, as in this case, governable by Rule 59 or 60? In other words, am I procedurally allowed to file a motion under rule 59 or 60 for this kind of dismissal, instead of a regular motion for reconsideration? If so, is there a time limit for that?
8. The clerk stated: "I cannot make any computations of time for you , nor can I answer any part of question 2. You'll have to refer to the Rules. If you need more time, you can file a motion to extend time to file."
9. See attached email chain as Exhibit 1. I also asked another question about filing but the clerk has not answered, as yet.
10. It appears to me that the date to start counting from is the date of the clerk's entry.
11. However, at this juncture, I am not still sure if I can only file a 14 day motion to reconsider or if I am allowed to file a motion under rule 59 or 60 with a different time limit. I ask the court to clarify whether a sua sponte order of dismissal for failure to prosecute, as was just done in this case, is

governable by Rule 59 or 60. If not and/or if the court is not inclined to clarify this, then I ask for an extension of time to file a motion to reconsider. As I am pro se, I would need time to figure this out.

12. Also, as I was only recently apprised of these things, I need a little more time to file a motion and to figure out what to file.

13. My spouse has had certain health challenges. For example, both yesterday and today my spouse medical procedure that tied up most of the day for which I was required to be at the hospital with him until he was ready to be discharged, as required by hospital policy as his sole caretaker and given that he would be disoriented from the procedure. I am now able to file this emergency motion to extend time.

14. We have every intention of pursuing this case and have good reasons for having to need more time to file an amended complaint, which I plan to explain in detail to the court (including but not limited to the fact the defendants have acted to impede our ability to file an amended complaint and also have even requested of us to wait over 30 days to receive information from them needed for the amended complaint and which they knew we were intending to file amended complaint, among other things, etc.), and thus I would like to ask the court to undo or reconsider the dismissal and provide the valid grounds for that based on this and other grounds including also the impact of other personal and medical issues, which will be outlined in detail. We need a little time to carefully lay out these grounds so that the court can see that we have good cause.

15. So I ask the court to clarify whether only a motion to reconsider can be filed under the rules to reverse or vacate the dismissal or whether a motion under Rule 59 or 60 is procedurally allowed to be filed and accepted by the court to vacate the dismissal and has a different timeline for that to be timely filed; and if only a motion to reconsider can be filed and only that will be accepted as valid, then I request an extension of time to file a motion to reconsider the dismissal until September 5, 2023.

16. I ask that this motion be ruled on an expedited basis so that we can know where we stand.

17. I ask the court to grant a pro se liberal construction to what I am seeking.

18. I ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,
s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

Dated: 8-17-23

# **EXHIBIT 1**

Re: Anderson et al v. Donovan et

Liberty _6
Wed 8/16/2023 4:04 PM
To:Vincent Negron <Vincent_Negron@nhd.uscourts.gov>

Dear Vincent,

As you suggested, I plan on filing something seeking an extension of time to file a motion.

What time does the judge leave the court today? If I can file something real quick asking for extension to file a motion, would it be possible for the judge to get it today and rule on it today before she leaves the court? or would it not matter since it won't get to her until tomorrow or she won't rule on it until tomorrow?

-Natalie

**From:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Sent:** Wednesday, August 16, 2023 2:59 PM
**To:** Liberty _6 <liberty_6@msn.com>
**Subject:** RE: Anderson et al v. Donovan et

I cannot make any computations of time for you , nor can I answer any part of question 2. You'll have to refer to the Rules. If you need more time, you can file a motion to extend time to file.

*Vincent L. Negron*
Case Manager
United States District Court
55 Pleasant Street
Concord, NH 03301
603-226-7733
vincent_negron@nhd.uscourts.gov



**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Wednesday, August 16, 2023 2:28 PM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

**CAUTION - EXTERNAL:**

Dear Vincent

Thanks for the information.

Just a couple more quick procedural questions:

1) Is the date of the order (of dismissal by the court), 8/2 when the judge wrote the order or is it 8/3 when it was entered on the docket by the clerk, for purposes of counting the 14 days for a motion to reconsider? In other words, does the 14 days count from the date of the clerk's entry on 8/3 (which would mean tomorrow) or from 8/2 which would mean today?  Also, can the timeline for a motion to reconsider be extended (as I am only recently finding out these things and may need a little more time to file a proper motion)?

2) In light of your reference to Rule 59 or 60, is a sua sponte order of dismissal for failure to prosecute, as in this case, governable by Rule 59 or 60? In other words, am I procedurally allowed to file a motion under rule 59 or 60 for this kind of dismissal, instead of a regular motion for reconsideration?  If so, is there a time limit for that?

I hope I am making sense.

I look forward to your reply and ask if you can let me know as soon as you can, since time appears to be of the essence.

Sincerely
Natalie Anderson

---

**From:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Sent:** Wednesday, August 16, 2023 2:17 PM
**To:** Liberty _6 <liberty_6@msn.com>
**Subject:** RE: Anderson et al v. Donovan et

According to our Pro Se Civil Litigation Guide:

### 7. Motion for Reconsideration

A motion to reconsider an order of the court (other than a motion governed by Federal Rules of Civil Procedure 59 or 60) must be filed within fourteen (14) days from the date of the order in question.

*Vincent L. Negron*
Case Manager
United States District Court
55 Pleasant Street
Concord, NH 03301
603-226-7733
vincent_negron@nhd.uscourts.gov



**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Wednesday, August 16, 2023 10:24 AM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

**CAUTION - EXTERNAL:**

Dear Vincent,

Could you please let me know the answer to the below procedural question?

Natalie

**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Tuesday, August 15, 2023 10:22 AM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

Dear Vincent,

Is there a time limit to file a motion for reconsideration of the dismissal? or any other time limit I should be aware of?

-Natalie

**From:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Sent:** Tuesday, August 15, 2023 10:03 AM
**To:** Liberty _6 <liberty_6@msn.com>
**Subject:** RE: Anderson et al v. Donovan et

Good morning.

The order dismissing your case explains why your case was dismissed.

Unfortunately, I cannot assist you with advice as to how you might remedy this, or define legal terms for you.

If you wish for the judge to reconsider her order, make that request in a motion.

Thank you,

*Vincent L. Negron*
Case Manager
United States District Court

55 Pleasant Street
Concord, NH 03301
603-226-7733
vincent_negron@nhd.uscourts.gov



**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Monday, August 14, 2023 10:58 AM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

**CAUTION - EXTERNAL:**

Dear Vincent,

It is my understanding that a notice of dismissal was recently sent for this case. I also understand that the dismissal is with prejudice. What does mean? and why was this dismissed? We have every intention of pursuing this case. We have good reasons for needing more time to file an amended complaint. Is there a way to get the court to undo or reconsider the dismissal?

Please let me know.

Thanks,
Natalie

---

**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Monday, May 15, 2023 1:44 PM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

Hi Vincent,

I just wanted to confirm that you received my below email, and also to inquire as to whether the judge got a chance to review the filing or make a ruling.

Thanks,
Natalie

---

**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Friday, May 12, 2023 3:14 PM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

Hello Vincent,