UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al., Plaintiffs,

V.

PATRICK DONOVAN et. al., Defendants

## MOTION FOR RECONSIDERATION OF THE COURT'S 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE
## AND
## INCORPORATED MEMORANDUM WITH AFFIDAVIT

1. The plaintiffs hereby move for vacatur or reconsideration of the court's 8/3/23 dismissal with prejudice for failure to prosecute. NB: The plaintiffs also does hereby saith and depose that he following averments are true and correct to the best of our belief, knowledge and understanding.

2. Grounds for reconsideration are delineated, as follows.

## I. FACTS

3. On 7/19/22, the plaintiffs filed the complaint in this court.

4. On 7/20/22, the plaintiffs filed a Motion for Immediate Injunctive Relief and Preliminary Injunction, with a supplement for TRO.

5. After recusal of another judge, on 7/2/22, the case was reassigned to Judge Samantha D. Elliott.

6. On 7/20/22, the plaintiff filed a Motion to Participate in Electronic Filing.

7. On 7/21/22, the court denied the Motion for Immediate Injunctive Relief "to the extent it requests a temporary restraining order. The court will rule on the portion of the motion that requests a preliminary injunction after the defendants have had an opportunity to respond. So Ordered by Judge Samantha D. Elliott."

8. On 7/27/22, the court denied Motion for to Participate in Electronic Filing, stating that: "Denied. The motion is signed by only plaintiff Bisasor, not plaintiff Anderson. Under Local Rule 83.6(b), a pro se party must represent himself or herself and "may not authorize another person who is not a member of the bar of this court to appear on his or her behalf. That includes a spouse or relative and any other party on the same side who is not represented by an attorney." So Ordered by Judge Samantha D. Elliott."

9. On 11/10/22, the court issued a show cause order with instructions to file a status report by a certain date of 12/9/22.

10. On 12/9/22, the plaintiffs filed a status report. See **Exhibit 1.**

11. On 12/9/22, the plaintiffs filed another Motion to Participate in Electronic Filing.

12. On 12/12/22, the court granted the second Motion for to Participate in Electronic Filing.

13. On 12/12/2022, the court stated the following regarding the Status Report: "As requested in the plaintiffs' filing, they may file an amended complaint on or before January 11, 2023. So Ordered by Judge Samantha D. Elliott."

14. On 1/9/23, the plaintiffs filed a Motion to Extend Time to File Amended Complaint, which was based on the plaintiff Bisasor undergoing major surgery which would result in the plaintiff Bisasor needing several months for recovery. See **Exhibit 2.**

15. On 1/11/23, the court granted the Motion to Extend Time to File Amended Complaint.

16. On 3/31/23, the plaintiffs filed a second Motion to Extend Time to File Amended Complaint, (due to certain complications regarding plaintiff's post-surgery medical situation).

17. On 4/3/23, the court granted the second Motion to Extend Time to File Amended Complaint.

18. On 5/12/23, the plaintiffs filed a Third Motion to Extend Time to File Amended Complaint (seeking extension until 7/31/23 as a result of information needed pursuant to or from a June 2, 2023 public hearing of the rules committee). See **Exhibit 3.**

19. On 6/9/23, the court granted Motion to Extend Time Amended Complaint, stating: "Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted. So Ordered by Magistrate Judge Andrea K. Johnstone."

20. On 8/3/23, the court ordered a dismissal of the case which was entered on the docket.

## II. <u>FURTHER IMPORTANT FACTS</u>

21. On 6/9/23, when the court granted the plaintiffs' request to extend time to amend the complaint, the court simply allowed the request. The plaintiffs did not understand this to be a court order that could be violated in the true sense of the word.

22. Similarly, it was the plaintiffs' request to amend complaint. The court did not on its own ask or instruct the plaintiffs to amend the complaint. This was a voluntary request to amend the complaint. Therefore, by allowing the plaintiffs' request to amend the complaint, the court did not issue an order in the true sense of the word. The court simply facilitated the plaintiffs' request. Therefore, the plaintiff did not understand that there was a court order that could be violated in any real sense. To the extent the court treated the delay in filing an amended complaint, as a violation of a court order, the plaintiffs apologize if they misunderstood this issue. However, the plaintiffs have not violated any other court order, assuming that this is counted as such.

23. Additionally, the delay in filing an amended complaint was largely due to the fact that the defendants sought an extension of time to respond to the plaintiffs' request for information needed from the public rules committee hearing that took place on June 3, 2023. See **Exhibit 4.**  The extension sought was 30 days from June 26, 2023. However, the defendants did not provide a response until August 7, 2023. See **Exhibit 5**. This was after the July 31, 2023 timeline for plaintiffs to file amended complaint. It was also after this court dismissed the case.

24. There were also other impediments to my having access to participate in the June 2, 2023 rules committee public hearing, resulting in my having to wait to obtain a tape recording from the defendants of the hearing. See also **Exhibit 6**. This information was critical to the amending of the complaint, without which the plaintiffs were impeded from completing the amended complaint.

25. The plaintiffs have also been seeking legal advice but it has been hard to find counsel in NH because of the conflicts relating to this matter.

26. The plaintiffs have also been befuddled and impeded by certain health challenges as will be further referenced below.

27. Because there was no warning that preceded dismissal, the plaintiffs were surprised by the dismissal of the case.

28. Similarly, the plaintiffs had reached out to the clerk but he was essentially non-responsive, in the time period after the filing of the last motion and up to prior to dismissal.

## III.<u>ARGUMENT</u>

29. The plaintiffs have generally pursued this case demonstrating intent to prosecute. The docket shows about 12 entries prior to dismissal. The plaintiffs have also been diligently seeking procedural clarification from the clerk or the court. There is ample evidence that the plaintiffs did not abandon the case.

30. The plaintiffs have not engaged in egregious or extreme conduct. Dismissal "should be employed only when a plaintiffs misconduct is particularly egregious or extreme," id. at 107 (citing Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993)).

31. The plaintiff's behavior was not intentional, egregious, or repetitive. Dismissal with prejudice is too harsh given the circumstances. Keane v. HSBC Bank USA, 874 F.3d 763 (2017).

32. The plaintiffs did not violate a court order. Similarly, even assuming arguendo that it could be said that the plaintiffs violated one court order (of 6/9/23), still there is no pattern of the plaintiffs repeatedly flouting court orders. Cf. e.g., Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39 & n. 2 (1st Cir.2002) (noting the importance generally of finding a pattern or series of disobedience and reversing an order of dismissal where all of the alleged infractions stemmed from noncompliance with a single order).

33. Also, there has been no serious delay. On 5/12/23, the plaintiffs' Motion to Extend Time to File Amended Complaint, seeking extension until 7/31/23[1]. On 6/9/23, the court granted plaintiffs' Motion to Extend Time Amended Complaint, stating: "Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted. So Ordered by Magistrate Judge Andrea K.

---

[1] NB: Prior to that, the plaintiffs only sought an extension a couple of times, including due to plaintiff Bisasor undergoing major surgery.

Johnstone.". Therefore, the extension of time expired on 7/31/23. On 8/3/23, the court ordered a dismissal of the case which was entered on the docket. Hence, only about one month of delay occurred before dismissal occurred.

34. It should be noted that, in the Pomoles case, a four-month delay "did not alone constitute misconduct sufficiently extreme to justify dismissal with prejudice." 342 F.3d at 49.

35. The plaintiffs' delay here is not a case of extreme delay warranting dismissal. Dismissal with prejudice for failure to prosecute is appropriate in the face of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987); see 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2369 (2d ed.1995).

36. The one-month delay by plaintiffs here is hardly the kind of "extremely protracted inaction ('measured in years)," Cosme Nieves, 826 F.2d at 2 (emphasis added), that ordinarily accompanies dismissals for failure to prosecute. See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44 (2003).

37. The first circuit has stated that: "We tend to reserve dismissal with prejudice for delays measured in years, see Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987) (collecting cases), while reversing dismissals for conduct resulting in delays of merely a few months. Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir.2003); see also Benítez-García, 468 F.3d at 5."

38. Moreover, only just over a week passed after dismissal before the plaintiffs reached out to the clerk seeking clarification on the reason for dismissal and for reversing dismissal, and only 2 weeks passed before plaintiffs sought relief from the dismissal via a filed motion.  The plaintiffs thus reacted quickly and diligently. See Ortiz-Anglada, 183 F.3d at 67 (holding dismissal with prejudice improper and emphasizing that the plaintiff, who had no reason to suspect her case was at risk, "responded promptly to the unexpected dismissal with a motion to reconsider it"); Cosme Nieves, 826 F.2d at 2 (holding dismissal with prejudice improper and noting that the plaintiffs "responded immediately to the only warning they received — the sua sponte dismissal — with a motion to the court").

39. Additionally, the plaintiffs did not know that a dismissal was possible, nor that it could be with prejudice. The court gave no warning of a dismissal, especially one with prejudice. This court gave no notice that failure to file amended complaint would result in dismissal with prejudice. Dismissal with prejudice is far too much to ask under these circumstances. See Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir.2005) ("Where, as here, the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice.").

40. Dismissal with prejudice is also too harsh in light of the isolated nature of the conduct at issue, which is not sufficiently egregious to warrant the "death knell" of a lawsuit, see Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)."[dismissal with prejudice 'is a harsh sanction,'" Benjamin v. Aroostook Medical Ctr., Inc., 57 F.3d 101, 107 (1st Cir.1995) (quoting Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir.1971)), "which runs counter to [this Circuit's] 'strong policy favoring the disposition of cases on the merits,'" id. (quoting Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir.1977)).

41. Dismissal with prejudice is an extraordinary action which is too drastic in this instance. The sanction of dismissal with prejudice for want of prosecution is a unique and awesome one, foreclosing forever the plaintiffs opportunity to obtain judicial redress. See Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 (1st Cir.1999) (describing dismissal with prejudice for failure to prosecute as "drastic"); Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir.1990) ("the most severe sanction"); Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir.1971) ("a harsh sanction"). Disposition on the merits is favored. Ortiz-Ang-lada, 183 F.3d at 66. "Dismissal with prejudice for want of prosecution is a unique and awesome [sanction]" to which courts should not resort lightly. Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (collecting cases)…and is appropriate "in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or -some other aggravating circumstance." Id. Dismissal for failure to prosecute is usually not appropriate for garden-variety, isolated instances of negligence.

42. A dismissal sanction should be reserved for cases of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987).

43. See also Pomoles v. Celulares Telefonica, Inc., 342 F.3d 44, 48-49 (1st Cir.2003) (reversing a dismissal with prejudice for lack of prosecution); Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir.1999) (same).

44. Where dismissal with prejudice is involved, it has long been rule in the first circuit that a case should not be dismissed with prejudice except "when a plaintiffs misconduct is particularly egregious or extreme." Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir.1995); see also Tower Ventures, 296 F.3d at 46 (explaining that not "every breach of a scheduling order warrants" dismissal with prejudice, and noting that we will not "rubber-stamp the use of dismissal as a sanction"). In addition, "fairness requires that some limits be placed on [the] use" of a sanction of this severity. Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir.1990). These fairness concerns encompass both the law's preference that cases be disposed of on the merits, see Pomoles, 342 F.3d at 48, and procedural aspects such as notice and an opportunity to be heard, see Ortiz-Anglada, 183 F.3d at 67.

45. Hence, dismissal with prejudice is not appropriate in this case. Several considerations underlie this argument: (1) Plaintiffs have generally prosecuted their claims except for the one month delay prior to dismissal; (2) the district court did not give plaintiffs' fair warning of its inclination to employ so severe a sanction; and (3) the one-month delay caused did not alone constitute misconduct sufficiently extreme to justify dismissal with prejudice.

46. Similarly, the plaintiffs had little reason to believe they were facing imminent dismissal of their complaint. As laypersons, the plaintiffs did not have appreciate the risk inherent in delay. See, e.g., Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir.2002) (protracted noncompliance with court orders, "in the teeth of explicit warnings," justified dismissal with prejudice); Chamorro, 304 F.3d at 4-5 (dismissal justified where the plaintiff, despite being "suitably forewarned," nevertheless disobeyed a court order). In the absence of any such warning, Plaintiffs' conduct was not sufficiently "extreme" to justify dismissal with prejudice. See Velazquez-Rivera, 920 F.2d at 1078 (emphasizing the lack of fair warning to the plaintiff in reversing district court's dismissal for failure to prosecute).

47. The plaintiffs brought this action in good faith to defend or vindicate their rights. The case should be heard on the merits. This court found that there may be merit to the plaintiff's case subject to further information and response by defendants. A potentially meritorious case should be resolved on the merits. The law also manifests a strong preference that cases be resolved on their merits. See Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66 (1st Cir. 1999) ("[Disposition on the merits is favored.... ").  There is strong preference in this circuit for adjudicating disputes on the merits, which counsels against sua sponte dismissals where there has never been any consideration of the merits.

48. The plaintiffs have further things to add to the case so that they can file one suit bringing all issues before the court rather than piecemeal in various cases. This will redound to judicial economy.

49. The plaintiffs have every intention of pursuing this case and have good reasons for having to need more time to file an amended complaint (including but not limited to the fact the defendants have acted to impede plaintiffs' ability to file an amended complaint and also have even requested a wait over 30 days to receive information from them needed for the amended complaint and which they knew we were intending to file amended complaint, among other things, etc.).

50. Thus, the plaintiffs asks the court to undo or reconsider the dismissal.

51. Additional valid grounds for reconsideration and vacatur of dismissal also includes the impact of other personal and medical issues.  Plaintiff Bisasor, who is critical to the prosecution of this case, has experienced significant health challenges, which has hampered their ability to amend the complaint. Plaintiff Bisasor has had about 4 hospital procedures and over 20 medical appointments over the time since May 12, 2023, due to significant medical issues. For example, recently plaintiff Bisasor had a medical procedure that required admission to a hospital for which plaintiff Anderson also has been required to be at the hospital with him until he was ready to be discharged, as required by hospital policy as his sole caretaker and given that he would be disoriented from the procedure. NB: The plaintiffs can provide medical documentation to the court if necessary but it would need to be sealed because of privacy concerns.

52. Moreover, there is no prejudice to the defendants, who have not yet entered an appearance in this case, as it is still relatively early procedurally-speaking. Similarly, this court has not expended a significant amount of time on this case due to the procedural posture of the case.

## IV. CONCLUSION

53. The plaintiffs ask for consideration to be given to the fact that we are pro se parties.

54. The plaintiffs ask the court to grant a pro se liberal construction to our pleading.

55. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

56. WHEREFORE, the plaintiffs respectfully request that this Court:

    a.   allow the motion for reconsideration;

    b.   allow a pro se liberal construction of this pleading;

    c.   grant the other relief requested in the plaintiff's pleadings;

    d.   or grant such further relief as is reasonable, right, just, fair, equitable and proper.

**Signed under the pains and penalties of perjury.**

Respectfully submitted,

s/ Natalie Anderson

Natalie Anderson

679 Washington Street, Suite # 8-206

Attleboro, MA 02703

Email: liberty_6@msn.com

Respectfully submitted,

s/ Andre Bisasor

Andre Bisasor

679 Washington Street, Suite # 8-206

Attleboro, MA 02703

Email: quickquantum@aol.com

Dated: 9-5-23

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al.
Plaintiffs,

V.

PATRICK DONOVAN et. al.
Defendants

## MOTION FOR EXTENSION OF TIME PURSUANT TO THE COURT'S 12-12-22 ORDER

1. The court issued an order on 12/12/22 stating that the plaintiffs may file an amended complaint on or before January 11, 2023.
2. However, due to certain developments, the plaintiffs need an extension of time to file an amended complaint until April 1, 2023.
3. The grounds are as follows.
4. First, in their 12-9-22 status report, the plaintiffs had indicated a need to obtain legal assistance regarding the amendment of the complaint. However, due to the intervening holidays, this has been impeded. NB: In our endeavor to be conservative, we asked only for 30 days. In hindsight, the plaintiffs should have requested more time upfront.
5. Second, due to developments with his health situation, plaintiff Bisasor has several important medical appointments and procedures during the month of January and February relating to the need to address serious medical issues[1]. Consequently, his ability to fully and properly prosecute this case will be impeded, over the next 3 months.[2]
6. Plaintiff Bisasor anticipates completion of procedures, treatment and recovery by late March.
7. The plaintiffs ask for an extension of the time to file an amended complaint until April 1, 2023.
8. This will allow time for Plaintiff Bisasor to address his medical issues and be in better health. It will also allow adequate time to obtain proper legal assistance or representation regarding the substantial and complex matters involved in this case.
9. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: 1-9-23

---

[1] If the court would like to see medical documentation, plaintiff Bisasor could provide such to the court. However, the plaintiffs ask for the impoundment/sealing of this information to be allowed because of the further private medical information that would be included.

[2] NB: Plaintiff Anderson will also be his main caretaker during this period.

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al.
Plaintiffs,

V.

PATRICK DONOVAN et. al.
Defendants

**FINAL MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

1. The plaintiffs requested until April 1, 2023 to file an amended complaint, which was allowed by the court.
2. However, due to certain developments/complications with the plaintiff's post-surgery medical situation, the plaintiffs need a final extension of time of 45 more days to file an amended complaint until May 15, 2023.
3. The grounds are as follows.
4. As mentioned previously, Plaintiff Bisasor (who is critical to the prosecution of this case) had several important medical appointments and procedures to address serious medical issues[1], including required recovery and healing time, and thus, consequently, his ability to fully and properly prosecute this case would be impeded.
5. However, due to certain complications regarding his post-surgery medical situation, Plaintiff Bisasor was not able to resume prosecution of this case[2] in a manner timely enough to meet the previously requested timeline of April 1, 2023. Hence, in light of the above and with the additional several medical appointments, testing and hospital visits scheduled post-surgery and with all of backlog of the issues built up since the previous motion, the plaintiffs underestimated the total time needed to meet the deadline of filing the amended complaint and now requests a final extension of 45 more days.
6. The plaintiffs do not intend to ask for another extension of time to file the amended complaint, if this motion is granted.
7. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: 3-29-23

---

[1] If necessary, medical documentation for plaintiff Bisasor could be provided to the court (subject to allowance of the impoundment/sealing of this information because of the private medical information that would be included). NB. Plaintiff Anderson is the sole caretaker for Plaintiff Bisasor during this time.

[2] Similarly, due to the attendant medical complications mentioned, the plaintiffs have also been stymied in obtaining proper legal assistance or representation regarding the substantial and complex matters involved in this case.

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al.
Plaintiffs,

V.

PATRICK DONOVAN et. al.
Defendants

## MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

1. The plaintiffs requested until May 15, 2023, to file an amended complaint due to certain issues related to Plaintiff Bisasor's medical situation, which was allowed by the court.

2. However, due to certain developments with the defendants, the plaintiffs need a final extension of time of 45 more days to file an amended complaint until June 30, 2023.

3. The grounds are as follows.

4. There are new developments with the defendants. This includes a public hearing of the NH advisory rules committee (which is also a defendant in this case) that has been scheduled for June 2, 2023 (to be presided over also by Defendant Patrick Donovan), where some of the matters that are related to the complaint are on the agenda to be discussed directly. The plaintiffs may also be allowed to speak at that public hearing. See attached **Exhibit 1**.

5. Depending on the outcome of that public hearing, certain facts to be articulated in any to be amended complaint may be impacted.

6. The plaintiffs believe it is in the interest of judicial economy to wait until this public hearing before filing an amended complaint. Certain claims or the presentation of certain claims may be affected by this public hearing and its aftermath.

7. Similarly, without first being able to attend this public hearing and then to address the facts that flow therefrom, the plaintiffs believe their ability to effectively amend the complaint, and to properly prosecute this case, would be impeded.

8. The plaintiffs need the extra time to allow for the public hearing to occur, and to know the outcome thereof, and to process the implication thereof, including with the assistance of any legal counsel that plaintiffs may be able to seek or obtain.

9. This will be the final request for an extension of time to file an amended complaint, if this motion is granted.

10. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: 5-12-23

# Exhibit 1

# NEW HAMPSHIRE SUPREME COURT ADVISORY COMMITTEE ON RULES

## PUBLIC HEARING NOTICE

The New Hampshire Supreme Court Advisory Committee on Rules will hold a PUBLIC HEARING at **12:30 p.m. on Friday, June 2, 2023** at the Supreme Court Building on Charles Doe Drive in Concord, to receive the views of any member of the public, the bench, or the bar as the Committee considers whether to recommend that the Supreme Court adopt proposed amendments to several court rules.

Written comments on any of the proposed amendments must be submitted to the secretary of the Committee no later than **May 16, 2023**. Comments may be emailed to the Committee on or before **May 16, 2023** at:

rulescomment@courts.state.nh.us

Comments may also be mailed or delivered to the Committee at the following address by **May 16, 2023**:

N.H. Supreme Court
Advisory Committee on Rules
1 Charles Doe Drive
Concord, NH 03301

Any suggestions for rule amendments other than those set forth below may be submitted in writing to the secretary of the Committee for consideration by the Committee in the future.

**ANY PERSON WHO WISHES TO ATTEND THE JUNE 2, 2023 PUBLIC HEARING REMOTELY SHOULD NOTIFY THE CLERK OF COURT AS FAR IN ADVANCE AS POSSIBLE SO THAT THE REQUIRED EQUIPMENT CAN BE AVAILABLE.**

# Exhibit 4

Case 1:22-cv-00326-LM Document 45 Filed 09/05/23 Page 15 of 18

## Re: June 16, 2023 request to the Supreme Court Advisory Committee on Rules

From:   GeneralCounsel (generalcounsel@courts.state.nh.us)

To:   quickquantum@aol.com

Date:   Monday, June 26, 2023 at 01:39 PM EDT

Good afternoon Mr. Bisasor,

I am writing to you on behalf of the Supreme Court Advisory Committee on Rules.  The purpose of this e-mail is to acknowledge receipt of your requests to the Advisory Committee that you e-mailed on June 16, 2023.

Due to the number and nature of the requests in the email, the Advisory Committee requires additional time to provide a response.  The Advisory Committee expects to be able to provide you a response within 30 additional business days.

Sincerely,
Dianne Martin
Director and Interim General Counsel
New Hampshire Judicial Branch

# Exhibit 5

# Response to your 6/16/23 Records Request

From:   Erin Creegan (ecreegan@courts.state.nh.us)

To:     quickquantum@aol.com

Date:   Monday, August 7, 2023 at 01:10 PM EDT

Good afternoon Mr. Bisasor,

Please see the attached response to your 6/16/23 request for records from the New Hampshire Supreme Court
Advisory Committee on Rules.

Best,
Erin Creegan

  Aug 2023 letter to Mr Bisasor.pdf
95kB

# Exhibit 6

## Fwd: Request for Copy of Recording

From: GeneralCounsel (generalcounsel@courts.state.nh.us)

To:     quickquantum@aol.com

Cc:    TGudas@courts.state.nh.us

Date:  Tuesday, June 13, 2023 at 10:20 AM EDT

Good morning, Mr. Bisasor,

The fee for a copy of a recording of a court proceeding is $25.00, as set by the Supreme Court's order of January 25, 2013, pursuant to the provision that is now Supreme Court Rule 59(4)(b).  This is the standard fee in the judicial branch.  See, for example, Superior Court Rule 201, Probate Division Rule 169, and Family Division Rule 1.3.  Although Mary Ann Dempsey may have provided you a copy of a previous recording without charge, the standard fee remains $25.00.

The $5.00 quoted to you for the recording of the June 2, 2023 public hearing of the Advisory Committee on Rules represents the approximate cost to the judicial branch of the flash drive itself.  The reduced fee ($5.00 instead of the standard $25.00) reflected the technical difficulties that you claim to have encountered during the first several minutes of the public hearing.  To move this along, the recording will be provided, on this occasion, without charge on a flash drive, which will be mailed today to the address that you have provided.  In the future, please note the standard rate of $25.00.

As previously stated, there is no recording of the March 10, 2023 meeting.

The remaining statements, characterizations, and demands in your email do not warrant a response.

Thanks very much,
Dianne Martin, Esq.
Interim General Counsel

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Saturday, June 10, 2023 7:45 AM
**To:** GeneralCounsel <GeneralCounsel@courts.state.nh.us>; Timothy Gudas
<TGudas@courts.state.nh.us>
**Subject:** Re: Request for Copy of Recording

EXTERNAL EMAIL WARNING! This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

Dear Tim and Diane,

Also, please note further the following regarding my request for copy of the recording of the rules committee hearing:

1) Because I obtained remote access to the hearing based on a disability request for reasonable accommodation, I am also asking for a waiver of cost of the recording as part of my disability request for reasonable accommodation.