UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Natalie Anderson and Andre Bisasor,   )<br>                                                           )   Case No. 1:22-cv-264-SE<br>          Plaintiffs,                              )<br>                                                           )<br>v.                                                        )<br>                                                           )<br>Patrick Donovan, New Hampshire Supreme Court,   )<br>New Hampshire Rules Advisory Committee,          )<br>New Hampshire Professional Conduct Committee,  )<br>Lorrie Platt,                                        )<br>                                                           )<br>          Defendants.                          ) | |

**OBJECTION TO MOTION TO RECONSIDER DISMISSAL**

Craig S. Donais, prospective intervenor, hereby objects to the plaintiffs' motion to reconsider dismissal, on the following grounds:

1. Referring to the civil docket in this matter, plaintiffs filed their complaint on July 19, 2022, more than a year ago; the complaint has never been served on the defendants.

2. On December 12, 2022, the plaintiffs were given leave to file an amended complaint on or before January 11, 2023.

3. On January 11, 2023, the plaintiffs were given a further extension to file an amended complaint on or before April 1, 2023.

4. On April 3, 2023, the plaintiffs were given a further extension to file an amended complaint on or before May 15, 2023.

5. On June 9, 2023, and "[b]ased on the representations of the plaintiff, there shall be no further request for extension of time the motion is granted," providing a final extension for filing an amended complaint to on or before June 30, 2023 (a deadline selected by the plaintiffs).

6. There is no further activity on the docket until August 2, 2023, more than a month after the final extension had expired, when the order dismissing the case with prejudice issued; the plaintiffs now seek reconsideration of this order.

7. The dismissal order was premised on FRCP 41(b), "for plaintiffs' failure to comply with the court's orders and failure to prosecute."

8. The plaintiffs were provided more than sufficient accommodation and time to submit an amended complaint and, in fact, established the final deadline for themselves -- June 30, 2023.

9. There having been no further communication from them to the Court for more than a month thereafter, the order dismissing the case with prejudice is well justified..

10. "Reconsideration is an 'extraordinary remedy which should be used sparingly.' *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). 'To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law' or fact. *Id.*; *see also Deka Int'l S.A. v. Genzyme Corp. (In re Genzyme Corp. Sec. Litig.)*, 754 F.3d 31, 46 (1st Cir. 2014) (noting that the court may grant a Rule 59(e) motion based on an intervening change in the law, a manifest error of law or fact underlying the judgment, or newly discovered evidence that could not have been produced before judgment was entered)." *Wood v. U.S. Bank*, Civil No. 1:22-cv-00235-JL Opinion No. 2023 DNH 070 at 2-3.

11. Having failed to meet this threshold, the plaintiffs' motion of reconsideration is properly denied.

12. No brief or memorandum in support of this objection is necessary, as it sets forth the applicable law.

                Respectfully submitted,

                **Craig S. Donais,**

                **By His Counsel,**

                **UPTON & HATFIELD, LLP**

Date:  September 13, 2023      By:  /s/ Russell F. Hilliard
                                                             Russell F. Hilliard (NHBA #1159)
                                                              159 Middle Street
                                                               Portsmouth, NH  03801
                                                               (603) 436-7046
                                                               rhilliard@uptonhatfield.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was this day forwarded through the Court's electronic filing system to parties and counsel of record.

                                                                  /s/ Russell F. Hilliard
                                                                  Russell F. Hilliard