UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CASE #: 1:22-cv-00264-SE

NATALIE ANDERSON and ANDRE BISASOR, Plaintiffs

V.

PATRICK DONOVAN et. al., Defendants

## NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR

1. The plaintiffs file this notice of improper filing of a motion by the proposed intervenor and his counsel, which should be treated as null and void, of none effect, as invalid and/or stricken, based on the following.
2. On 8/2/23 the district court, sua sponte, dismissed this case for failure to prosecute.
3. On 8/3/23 the district court clerk entered the order on the docket.
4. At no time prior to the dismissal did any party, save the plaintiffs, seek to enter an appearance or file any pleadings in this case.
5. On 8/17/23, the plaintiffs requested an extension of time to file a motion to reconsider the dismissal, until 9/5/23.
6. On 8/17/23, the court granted the extension of time to file a motion to reconsider dismissal until 9/5/23.
7. On 9/5/23, the plaintiffs filed a motion to reconsider dismissal.
8. On 9/13/23 at or around 2pm, the plaintiffs filed a notice of appeal in order to preserve plaintiffs' rights. The plaintiffs also paid the filing fee with the district court clerk at or around the same time.
9. On 9/13/23, at 4.34pm, the proposed intervenor filed a motion to intervene in this case and included an objection to the motion to reconsider dismissal with his motion.
10. The proposed intervenor's filing is improper and invalid, and violates several court rules and should be stricken or treated as of none effect. The reasons for this are as follows.
11. The proposed intervenor filed his motion to intervene, after a notice of appeal was filed in the case. The proposed intervenor had no standing to move to intervene in the district court in an appealed case.
12. The proposed intervenor did not seek to obtain concurrence from both plaintiffs in this case (see Local Rule 7.1 (c) Concurrence. "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.").
    a. The proposed intervenor did not email, call, or contact plaintiff Anderson at all. The proposed intervenor's representation to the court in his motion that he sought concurrence in good faith from the "plaintiffs" is an utterly false statement. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is also a violation of Rule 11.
    b. Furthermore, the proposed intervenor emailed plaintiff Bisasor once on the afternoon of 9/13/23 at 1.32pm and then filed his motion at 4.34pm, only 3hrs later the same afternoon. The proposed intervenor did not call plaintiff Bisasor or leave a voicemail. The proposed intervenor did not email plaintiff Bisasor a second time but only once. The proposed intervenor did not allow even a day much less half a day for plaintiff Bisasor (but only 3hrs on a busy afternoon with emergency/inclement weather) to respond to his one and only email. That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party once on the same day that a motion is intended to be filed, and then rushing to file the motion without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7.1.
    c. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is thus also a violation of Rule 11. [NB: This is also on top of the fact that the proposed intervenor evidently did not obtain the assent of the defendants and rushed to file the motion after a notice of appeal had been filed in a closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs].
    d. Local Rule 7.1 is not a suggestion. The proposed intervenor was required to confer with both plaintiffs under Local Rule 7. The proposed intervenor violated Rule 7 by not contacting plaintiff Anderson at all, and by not attempting in good faith to obtain concurrence from plaintiff Bisasor. The proposed intervenor has misrepresented that he did so, which is also in violation of Rule 11.

    e. NB: It should be noted that plaintiff Bisasor contacted counsel for the proposed intervenor the next day of 9/14/23 to address the above issues and request that the improper motion be withdrawn, or otherwise face a motion for sanctions. It has been about 24 hrs since then and, in bad faith fashion, counsel for the proposed intervenor has failed or refused to respond. See **Exhibit 1**.

13. The proposed intervenor also evidently did not seek or obtain concurrence or assent from the defendants to intervene in this case at this stage. If concurrence was sought from the defendants but they denied concurrence or assent, the proposed intervenor failed, in bad faith, to represent to the court the position of the defendants. The intervenor cannot supersede the rights and standing of the defendants. The intervenor seeks to improperly place himself in the position of the defendants, while the defendants have not concurred or assented to him doing so. This is totally disorderly and chaotic and makes a mockery of the proper order, procedures, and decorum of the court. This is totally unfair to the plaintiffs and the defendants.
14. The proposed intervenor combined his motion with an objection, which violates the court rules. (see Local Rule 7.1 Motions (a) Form. (1) Title and Content. …."Objections to pending motions and affirmative motions for relief shall not be combined in one filing."). Furthermore, by so doing, the proposed intervenor has sought to unfairly prejudice the rights of the plaintiffs.
15. The proposed intervenor did attach any affidavit or memorandum to his motion as required by court rule. It is therefore improper and invalid. (See again Rule 7.1 Motions (a) Form. (2) Memorandum and Supporting Documents. "Every motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary. Every motion and objection which require consideration of facts not in the record shall be accompanied by affidavits or other documents showing those facts.").
16. The proposed intervenor did not enter an appearance in the district court with the filing of the motion to intervene. A party, much less a proposed intervenor, cannot file motions in a case without entering an appearance. Any such filing made by any party without first filing an appearance is improper.
17. The case was in a dismissed closed posture as of 8-3-23. The proposed intervenor has no standing to intervene in a case that is dismissed or in a closed posture. Only certain limited post-judgment motions, as defined by the rules of procedure, are allowed to be filed after a judgment has been issued. In this case, only by the plaintiffs as the only parties appearing in the case as of the dismissal are allowed to file certain limited post judgment motions pertaining to the dismissal. The rules of procedure do not allow for an entirely new party to seek to intervene in a district court case after dismissal and certainly not after the case has been appealed to the first circuit. This is a violation of the letter as well as the intent and spirit of the rules.
18. The case has not been served on the defendants as yet. The proposed intervenor has no standing to intervene in a case that process has not been served on the defendants or ordered by the court as yet.
19. The proposed intervenor's filing is premature at best and represents vexatious and contumacious conduct at worst.
20. The proposed intervenor's improper and invalid rushed filing violates several rules of the court and should be stricken and is otherwise sanctionable[1].
21. The proposed intervenor evidently does not respect the court rules. The proposed intervenor should not be allowed to flout the rules with such wanton impunity.
22. The proposed intervenor's filing is in bad faith and intended to burden, oppress, and harass the plaintiffs, and is otherwise intended to delay or bog down this litigation or to increase the costs of this litigation.
23. The plaintiffs ask that the district court take note of this notice of improper filing.
24. Given that a notice of appeal has been filed, and the case has been appealed, it is not clear if the plaintiffs can file further pleadings to object to or strike the improper filing, but the plaintiffs hereby give notice of their intent to preserve all rights with respect to objecting or moving to strike this improper filing, as may be allowed at the proper time, and the plaintiffs also reserves the right to seek sanctions or disciplinary action against the proposed intervenor in relation to this matter.

---

[1] A district court may assess sanctions when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Concord Mem.* at 10 (quoting *Dubois v. United States Dep't of Agric.,* 270 F.3d 77, 80 (1st Cir.2001)).

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

Dated: 9-15-23

# **<u>EXHIBIT 1</u>**

## Re: Case No. 1:22-cv-264-SE

From: Andre Bisasor (quickquantum@aol.com)
To: rhilliard@uptonhatfield.com
Date: Thursday, September 14, 2023 at 12:54 PM EDT

Mr. Hilliard,

You emailed me once yesterday afternoon at 1.32pm and then filed your motion at 4.34pm.

That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party on the same day you intend to file, and then rushing to file without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7.  Your representation in your motion that you did a good faith attempt to obtain concurrence is also a violation of Rule 11.

This is also on top of the fact that you evidently did not obtain the assent of the defendants and you rushed to file the motion after a notice of appeal had been filed in closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs.

I intend to move for sanctions unless you withdraw the motion. Please advise if you will withdraw the motion promptly.

Sincerely,
Andre Bisasor